J. N. STROBHAR, JOHN F. BARTLESON AND W. R. THOMAS, *Plaintiffs in Error*, v. THE JESSE FRENCH PIANO AND ORGAN COMPANY, A CORPORATION, *Defendant in Error*.

1. Section 1200 of the Revised Statutes of 1892, provides that in claim proceedings "the court shall enter judgment, deciding the right of property, and if the verdict is for plaintiff, awarding a recovery by the plaintiff from the defendant and his sureties," and section 1177 of said Revised Statutes gives to sureties on any bond certain rights against their principal. The "plaintiff" referred to in section 1200 is the plaintiff in execution, and "the defendant and his sureties" there referred to are the claimant in the claim proceeding and principal in the claim bond, and the sureties who sign the claim bond.

2. Where a claim is made by J. N. S. as agent and next friend for M. C. S., and the claim bond is executed by J. N. S. as

VOL. 48, JUNE TERM, 1904. 159

Strobhar *et al.* v. Jesse French P. & C. Co.—Opinion of Court.

agent and next friend for M. C. S., and by J. F. B. and W. R. T. and the statute directs that in case of a verdict for plaintiff "the court shall enter judgment, * * * awarding a recovery by the plaintiff from the defendant and his sureties" J. N. S. as agent and next friend for M. C. S. and J. F. B. and W. R. T. are "the defendant and his sureties" against whom "the court shall enter judgment, * * * awarding a recovery," and a judgment entered against J. F. B. and W. R. T. is erroneous.

This case was decided by Division B.

Writ of error to the Circuit Court for Alachua county.

The facts in the case are stated in the opinion of the court.

*Horatio Davis* for plaintiffs in error.

No appearance for defendant in error.

WHITFIELD, J.—On July 6, 1899, an affidavit sworn to by J. N. Strobhar, February 18, 1899, was filed in the county court of Alachua county, in which J. N. Strobhar as agent for and next friend for Mary C. Strobhar, alleges that a piano levied upon by the sheriff of said county, "by virtue of an execution in favor of The Jesse French Piano and Organ Company against J. N. Strobhar, belongs to her, the said Mary C. Strobhar." A claim bond was filed stipulating that "J. N. Strobhar as agent and next friend for Mary C. Strobhar, and John F. Bartleson and W. R. Thomas are held and firmly bound unto The Jesse French Piano and Organ Company in the sum of six hundred dollars," conditioned that if the said J. N. Strobhar, as agent and next friend for Mary C. Strobhar, shall deliver said piano upon the demand of the sheriff, if the same shall be adjudged to be the property of the said defendant in execution, and pay to the plaintiff damages, if it shall appear that such claim was inter-

posed for the purpose of delay, then the obligation to be void. This bond is signed and sealed by "J. N. Strobhar as agent and next friend for Mary C. Strobhar," and by John F. Bartleson and W. R. Thomas. On November 1, 1899, the cause was transferred to the Circuit Court for Alachua county under the provisions of Chapter 4766, acts of 1899. The cause was tried by a referee who, on April 6, 1903, entered the following judgment: "Upon consideration of the testimony, records and proceedings in this cause, it is thereupon considered, ordered and adjudged that the property involved in this case, to-wit: one mahogany case Hardman piano, No. 38345, was, at the date of levy of execution referred to in this cause, the property of J. N. Strobhar and subject to levy under the plaintiff's execution, and that the right of property of said piano at the date of such levy was not in the claimant.

It is further considered, ordered and adjudged that the plaintiff, The Jesse French Piano & Organ Company, a corporation under the laws of the State of Tennessee, do have and recover of and from John F. Bartleson and W. R. Thomas the sum of three hundred dollars ($300.00) together with twenty-one and 40-100 dollars costs, which are hereby awarded to said Jesse French Piano & Organ Company.

It is further ordered and adjudged that the said Jesse French Piano & Organ Company do have and recover of and from the said John F. Bartleson and W. R. Thomas the sum of sixty dollars ($60.00) damages, and that execution be issued by the clerk of this court in favor of the said Jesse French Piano & Organ Company and against the said J. N. Strobhar, John F. Bartleson and W. R. Thomas for the amount of this judgment, damages and costs as aforesaid."

On July 20, 1903, a writ of error was taken from this judgment to the January term, 1904, of this court.

Under the assignments of error the contention is that the judgment is erroneous because it is not rendered against

J. N. Strobhar as agent and next friend for Mary C. Strobhar, the claimant in the claim proceeding and principal in the claim bond as well as against the sureties in the claim bond, John F. Bartleson and W. R. Thomas. We think this contention is correct.

Section 1200 of the Revised Statutes of 1892 provides that in claim proceedings "the court shall enter judgment, deciding the right of property, and if the verdict is for plaintiff, awarding a recovery by the plaintiff from the defendant and his sureties," and section 1177 of the Revised Statutes of 1892, gives to sureties on any bond certain rights against their principal. The "plaintiff" referred to in section 1200 is the plaintiff in execution and "the defendant and his sureties" there referred to are the claimant in the claim proceeding and principal in the claim bond, and the sureties who sign the claim bond. In this case the claim is made by "J. N. Strobhar as agent and next friend for Mary C. Strobhar" who is "the defendant," and John F. Bartleson and W. R. Thomas are the "sureties" referred to in the statute as being parties against whom "the court shall enter judgment * * * if the verdict is for plaintiff, awarding a recovery by the plaintiff from the defendant and his sureties."

The judgment here decides the right of property and is in favor of the plaintiff in execution; but it awards a recovery against the two sureties alone though the execution is directed to issue against J. N. Strobhar, John F. Bartleson and W. R. Thomas. This is not in accordance with the requirements of the statute and is erroneous.

The judgment is reversed at the cost of the defendant in error and the cause is remanded with directions that a proper judgment be entered in the cause.

CARTER, P. J., and SHACKLEFORD, J., concur.

TAYLOR, C. J., and HOCKER and COCKRELL, JJ., concur in the opinion.